Matthew V. Moosbrugger (035449)
Moosbrugger Law, PLLC
2415 E. Camelback Rd. Ste. 700
Phoenix, AZ 85016
Telephone (602) 845-973
Matthew@Moosbrugger-Law.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda Bunch, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Optum, Inc. a wholly owned subsidiary of; UnitedHealth Group inc., a Minnesota Corporation | |
| Defendants. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), against Defendants, Optum, Inc. and UnitedHealth Group ("Defendants"), due to unlawful employment practices on the basis of race (African American), and retaliation for engaging in protected activity. As alleged with greater particularity in this Complaint, Plaintiff alleges that the Defendants she was subjected to an unlawful hostile work environment on the basis of her race, and retaliation, leading to substantial lost wages,

emotional distress, and out-of-pocket expenses.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S. Code § 1331, 1332, 1337, and 1343(a)(4).

2. This action is authorized and instituted pursuant to sections Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(d), 42 U.S. Code § 2000e–3, and 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United Stated District Court for the District of Arizona.

## PARTIES

4. Plaintiff, Ms. Amanda Bunch (hereinafter "Ms. Bunch" or "Plaintiff"), was at all relevant times an employee of the State of Arizona.

5. At all relevant times, Defendant has been a Minnesota entity operating in the State of Arizona.

6. At all relevant times, Defendant has continuously employed fifteen (15) or more persons.

## ADMINISTRATIVE PROCEDURES

7. On May 11, 2023, Plaintiff initiated a Charge of Discrimination against Defendants in the Phoenix District Office of the Equal Employment Opportunity Commission (hereinafter "EEOC"), Charge Number: 540-2023-04063, alleging violations of her right to be from harassment based on her race, and retaliation for engaging in protected activity.

8. On September 27, 2023, Plaintiff received a Determination and Notice of Rights from the EEOC, entitling her to pursue her claims in Federal District Court by December 26, 2023.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

**FACTUAL ALLEGATIONS**

10. Plaintiff, Ms. Bunch, commenced her employment with the Defendant, Optum, on July 1, 2022.

11. Shortly after beginning her employment, Ms. Bunch was assigned a mentor as part of the onboarding process.

12. Regrettably, Ms. Bunch's mentor consistently refused to provide her with the necessary training on the employer's systems and processes, despite repeated requests from Ms. Bunch.

13. This failure to provide adequate training, as mandated by her mentor's role, hindered Ms. Bunch's ability to perform her job duties effectively and efficiently.

14. Ms. Bunch's perceived her mentor's reluctance to provide necessary training as motivated by her mentor's racial animus toward her.

15. Several comparator employees who are outside of Ms. Bunch's protected class that were hired at the same time, received dramatically superior training, allowing them to advance in their development while Ms. Bunch was sabotaged by her assigned Mentor.

16. Despite Ms. Bunch's repeated requests for proper training and guidance, her mentor remained dismissive and uncooperative, leading to Ms. Bunch receiving inadequate training on the systems and processes required to perform her essential job functions.

17. Ultimately, due to the lack of support and training provided by her mentor, Ms. Bunch felt compelled to resign from her position with Optum.

18. On December 16, 2022, Ms. Bunch submitted her resignation letter, specifying her intended end of employment date as March 16, 2023, to comply with her contractual obligations with Optum.

19. In her resignation letter, Ms. Bunch explicitly cited her mentor's failure to fulfill her training responsibilities and alleged racial discrimination as the primary reason for her resignation.

20. Following her reporting of racial discrimination and a hostile work environment in her resignation letter, Ms. Bunch experienced escalating mistreatment from her immediate manager.

21. Her manager began to exhibit a pattern of ignoring her and treating her with disdain.

22. Furthermore, Ms. Bunch was abruptly removed from patient interactions and was threatened with placement on an undisclosed "action plan."

23. Notably, it was observed that Ms. Bunch's mentor had also resigned; however, she did not endure comparable retaliatory treatment from their manager.

24. On January 6, 2023, Ms. Bunch submitted an ethics complaint addressing her manager's retaliatory behavior.

25. On January 10, 2023, Optum informed Ms. Bunch that her concerns would undergo investigation.

26. On January 13, 2023, Ms. Bunch was offered the possibility of a transfer to another department as an alternative to proceeding with her resignation.

27. Upon learning of the new opportunity within Optum, Ms. Bunch attempted to withdraw her resignation; however, her ability to retract her resignation and be reassigned was subject to her manager's approval, who had been retaliating against her after Ms. Bunch engaged in protected activity.

28. Despite Ms. Bunch's prior complaints of retaliation by her manager, she could only retain her employment if her manager consented to her transfer request.

29. As anticipated, Ms. Bunch's manager denied her transfer request, and she was informed that the decision to prevent her transfer was attributed to "the business," despite initial claims that it was her manager's decision.

30. On January 30, 2023, Ms. Bunch was notified that her complaints had been investigated, and her case was subsequently closed.

31. The day following this notification, on January 31, 2023, Ms. Bunch was prematurely relieved of her duties by her manager, who promptly sent an email to her former colleagues implying that she had been terminated.

32. The abrupt acceleration of her resignation merely one day after the investigation into her hostile work environment claims differed dramatically from the treatment of other employees who had also recently resigned.

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

### [Employment Discrimination – Race – 42 U.S.C. § 2000e-2(d)]

33. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

34. Defendant engaged in unlawful employment practices in Arizona, in violation of 42 U.S. Code § 2000e–2(d) of Title VII, which explicitly prohibits an employer from discriminating against any individual because of their race, in, any program established to provide apprenticeship or other training, including on the job training.

35. Specifically, Ms. Bunch did not receive the proper training from her assigned Mentor, due to her Mentor's discriminatory animus toward her based on her race.

36. Several comparator employees who are outside of Ms. Bunch's protected class that were hired at the same time, received dramatically superior training, allowing

5

them to advance in their development while Ms. Bunch was sabotaged by her assigned Mentor.

37. Despite repeated complaints about the harassing comments and conduct, Defendant created and tolerated this work environment and failed to take prompt or effective remedial action to correct it.

38. Defendant knew about the conduct outlined above from Ms. Bunch's Mentor from the multiple complaints made by Ms. Bunch, in addition to the open and notorious nature of the conduct.

39. Despite this knowledge, Defendant failed to stop the Mentor's conduct.

40. Defendant failed to take prompt or effective action to prevent, correct, or remedy the unlawful failure to properly train her.

41. The effect of the practices complained of in the foregoing paragraphs has deprived Ms. Bunch of the equal enjoyment of terms and conditions of her employment and otherwise resulted in substantial emotional distress.

42. The unlawful employment practices complained of in the foregoing paragraphs were done with reckless indifference to Ms. Bunch's statutorily protected Civil Rights.

## SECOND CLAIM FOR RELIEF

**[Retaliation for Engaging in Protected Activity – 42 U.S. Code § 2000e–3]**

43. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

44. An employee that reports incidents of sexual harassment in accordance with his or her employer's sexual harassment reporting policy engages in protected activity under Title VII, 42 U.S.C. 2000e-3(a).

45. Defendant violated Ms. Bunch's right to be free from retaliation for engaging in protected activity by making her transfer to another department and ability to maintain her employment contingent upon the responsible management official she reported in her protected activity, accelerated her resignation and framed it as a termination to her colleagues, and treating her with disdain and hostility following her complaint of racial discrimination.

46. Comparator employees who resigned at the same time as Ms. Bunch did not experience the same retaliatory conduct and did not have their resignation expedited or framed as a termination to their colleagues.

47. Defendant knew about the conduct outlined above due to the complaints received from Ms. Bunch, in addition to the open and notorious nature of the conduct.

48. The effect of the retaliatory practices complained of in the foregoing paragraphs has deprived Ms. Bunch of the equal enjoyment of terms and conditions of his employment and otherwise resulted in substantial emotional distress.

49. The unlawful retaliatory employment practices complained of in the foregoing paragraphs were done with reckless indifference to Ms. Bunch's statutorily protected Civil Rights.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendants to make Ms. Bunch whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

B. Order Defendants to make the aggrieved individuals whole by providing compensation for past and future non-pecuniary losses, pursuant to Title VII, resulting from the unlawful practices described above, including but not limited to emotional pain,

suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

      C.    Grant such further relief as the Court deems necessary and proper in the public interest.

RESPECTFULLY SUBMITTED 26th day of December, 2023.

MOOSBRUGGER LAW, PLLC

_____
Matthew V. Moosbrugger, Esq.
2415 E. Camelback Rd. Ste. 700
Phoenix, AZ 85016
*Attorney for Plaintiff*